IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                Plaintiff

   v.

LEE, ANDERSON, SLAUGHT,
SGT. BLOYER, KRAMER, HAINFIELD,
and MARK KARTMAN,

                Defendants.

OPINION AND ORDER

17-cv-862-slc

---

Plaintiff Charles Sheppard, an inmate at the Wisconsin Secure Program Facility, has filed this civil lawsuit pursuant to 42 U.S.C. §1983, against the defendant WSPF employees. Sheppard accuses the defendants of Eighth Amendment deliberate indifference, failure to train, and state law negligence, all related to their apparent failure to ensure he received his medication in October 2016 and February 2017. (Pl. Am. Compl. (dkt. 16).)

Before the court is defendants' motion for partial summary judgment. (Dkt. 20.) Defendants seek judgment in their favor on: (1) Sheppard's state law claims arising from the February 2017 incident because plaintiff failed to file a notice of claim as required by Wisconsin law; (2) Sheppard's state law claims arising from the October 2016 incident with respect to all defendants except for Bloyer because Sheppard named only Bloyer in the notice of claim he submitted for this incident; and (3) all claims against defendant Kartman for the reasons set forth above and on the merits of Sheppard's failure to train claim. For the reasons that follow, I am entering judgment in defendants' favor on Sheppard's state law claims related to the February 2017 incident, as well as to all defendants except for Bloyer with respect to the October 2016 incident. I am denying defendants' request for judgment in Kartman's favor on the Eighth Amendment claim.

UNDISPUTED FACTS

Charles Sheppard is incarcerated at WSPF in Boscobel, Wisconsin, where the events in this lawsuit took place. All of the defendants were employed at WSPF during the relevant time period. They are: Registered Nurses Gunner Lee, Sonya Anderson, and Becky Kramer; Correctional Officers Heidi Bloyer and Hunter Slaght; Captain Michael Hanfeld; and Security Director Mark Kartman.

A.  Overview of Claims

Sheppard suffers from auditory hallucinations and depression, and he takes Wellbutrin, a brand of bupropion, a medication used to treat depression. On October 11, 2016, WSPF staff stopped providing Sheppard with his bupropion, despite Sheppard informing various WSPF correctional officers (including defendant Bloyer) and Health Services Unit (HSU) staff that he was not receiving his medications and was suffering withdrawal symptoms. Sheppard allegedly suffered withdrawal symptoms for several days before his buproprion prescription was restarted. Therefore, Sheppard is proceeding against defendants on Eighth Amendment deliberate indifference and Wisconsin negligence claims.

Sheppard subsequently pursued a successful inmate complaint after this incident, which caused the Corrections Complaint Examiner (CCE) to send a memorandum to Waterman, Boughton, and Kartman, directing Kartman to remind staff of proper medication distribution. Sheppard has filed a copy of the record of the inmate complaint, WSPF-2016-22504. (Dkt. 1-1.) This document shows that on December 13, 2016, Welcome Rose "affirmed with modification" Sheppard's complaint about not receiving medications properly. Specifically, she

2

concluded that the medication record showed that Sheppard missed two of his prescribed medications, one for three consecutive days and another for at least six of ten consecutive days. Rose observed that although Sheppard should have submitted a refill request or an HSR, DAI Policy #500.80.11 required staff to notify HSU whenever a medication was not available. Rose therefore recommended that Sheppard's complaint be affirmed, with the modification that a copy of the decision be "provided to Security Director Kartman to review medication delivery expectations with the appropriate staff." (*Id.* at 2.) The DOC Secretary affirmed Rose's decision on November 30, 2016, and that affirmance includes a notation that the resolution would be emailed to Kartman. (*Id.*)

During Kartman's deposition in this lawsuit, he testified generally about WSPF's medication distribution training for its correctional officers but he could not remember whether an investigation was conducted following the October 2016, nor could he remember whether he actually reviewed medication delivery expectations with staff around that time. (Kartman Dep. (dkt. 24) at 29-30.)

Sheppard also has brought deliberate indifference and negligence claims related to a similar incident in February of 2017. In that incident, Sheppard's bupropion was unavailable for several days. Sheppard alleges that this caused him to suffer from painful withdrawal symptoms, to which defendants responded with deliberate indifference and negligence.

Finally, Sheppard is proceeding against Kartman on a claim that, following the results of WSPF-2016-22504, he failed to train the correctional officers to alert HSU staff when prisoners' medications need to be refilled. In his amended complaint, Sheppard did not identify any additional defendants.

**B.     Notice of Claim**

On November 1, 2016, Sheppard served by certified mail a notice of claim regarding the October 2016 incident involving his inability to receive his bupropion prescription in a timely manner. In the notice of claim, Sheppard explained his unsuccessful efforts to obtain a renewal of his bupropion. While he identified Bloyer as one of the individuals responsible for the lapse in him receiving his medication, Sheppard did not identify any other state employees, and instead wrote "Human Resource Dept. & HSU refuses to give me details on dates, times, names so you'll have to investigate." (Notice of Claim (dkt. 23-1) at 3.) There is no indication that Sheppard has ever attempted to amend that notice of claim to include the other individuals allegedly involved in the events outlined in the notice.

Following the February 2017 incident in which Sheppard did not receive his medication as prescribed, Sheppard did not submit a notice of claim.

OPINION

**I.     Wisconsin Notice of Claim**

Wisconsin's notice of claim statute, pertaining to state employees, Wis. Stat. § 893.82, requires a claimant in a civil action to serve the attorney general written notice of the circumstances of his claim by certified mail within 120 days of the event causing the injury. *Id.* § 893.82(3). In setting forth the circumstances giving rise to the claim, the notice of claim must include the "names of the persons involved, including the name of the state officer, employee or agent involved." *Id.* Strict compliance with the statute is a jurisdictional requirement for a state law claim against a state employee. *Sorenson v.*

*Batchelder*, 2016 WI 34, ¶ 30, 368 Wis. 2d 140, 154, 885 N.W.2d 362, 368 (citing Wis. Stat. § 893.82(2m)); *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984). *See also Weinberger v. Wisconsin*, 105 F.3d 1182, 1188 (7th Cir. 1997) ("Section 893.82 is jurisdictional and strict compliance is required.").

### A. February 2017 Medication Lapse

Defendants seek judgment on Sheppard's state law negligence claims against defendants arising from the February 2017 incident, which is appropriate. Sheppard does not dispute that he did not submit a separate notice of claim following this lapse in his medication. His position is that he did not need to file a separate notice of claim related to this incident because it was identical to the October 2016 event, and, in any event, his inmate complaint related to the February 2017 medication lapse gave the DOC adequate notice that Sheppard's rights were being violated.

Sheppard does not deny that the February 2017 medication lapse was a separate event that supports a claim for injuries separate from the October 2016 incident, and a fair application of the statute is that, to obtain damages for that incident, Sheppard was required to file a notice of claim with respect to that event. In any event, Sheppard has not cited any authority for either of these arguments. I am not persuaded that an inmate complaint (which does not carry the specific requirements set forth in the statute) is sufficient to satisfy the strict requirements § 893.82. Accordingly, I am granting defendants' motion for judgment in their favor on Sheppard's negligence claims related to the February 2017 incident.

### B. October 2016 Medication Lapse

Defendants also seek partial judgment on Sheppard's negligence claims arising from the October 2016 medication lapse on the ground that his notice of claim named only Bloyer. In opposition, Sheppard asks that I find his November 2016 notice of claim to satisfy § 893.82 as to *all* defendants because he substantially complied with Wis. Stat. § 893.82, citing to *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 357 N.W.2d 548, 553-54 (1984). In *Figgs*, the Supreme Court of Wisconsin addressed the question of whether a notice of claim that included a demand for $4,500 for personal injuries, rather than an "itemized" list of relief, satisfied the applicable statute, Wis. Stat. § 893.80. The court concluded that the notice substantially complied with that statute because the plaintiff was *only* seeking damages for personal injuries, and thus fulfilled the statute's purpose of affording the appropriate governmental unit adequate notice of the claim and an opportunity to investigate and settle reasonable claims. *Id.*

Sheppard acknowledges that the *Figgs* decision involved a different notice of claim statute, but he argues that the underlying principle applies here. Sheppard cites a decision from the Eastern District of Wisconsin, *West v. Macht*, in which the court concluded that a notice of claim satisfied § 893.82, even though the time frame of the claims – "October 27 and possibly beyond" – was imprecise. 235 F. Supp. 2d 966, 972 (E.D. Wis. 2002). The *West* the decision is not on point in this case because there is no indication that the notice of claim in *West* omitted the names of the state employees involved.

More problematic for Sheppard is that his argument fails to square his position with the State of Wisconsin's strict interpretation of § 893.82. Sheppard does not address the cases cited above, and he does he distinguish a case that is clearly on point: *Modica v. Verhulst*, 195 Wis. 2d 633, 647, 536 N.W.2d 466, 473-74 (Ct. App. 1995). In *Modica*, the Wisconsin Court of

6

Appeals held that § 893.82 requires that "[a] state employee must be identified by name, not by job title." *Id.* The only possible exception, explained the court, would be if the plaintiff exercised reasonable diligence to discover the name of the state employee and then submitted an amended notice of claim that properly identified him or her. *Id.*

Then there's *Robbins v. Pollard*, in which defendants sought summary judgment on a negligence claim against a correctional officer because plaintiff's notice of claim referred to that defendant only as "correctional officer." No. 16-c-1128, 2017 WL 876503, at *3 (E.D. Wis. Dec. 11, 2017). The court rejected plaintiff's argument that the failure to name the correctional officer specifically should be excused because defendants refused to provide it to him. The court first cited to the reasoning of *Modica* that a plaintiff must exercise reasonable diligence to obtain the name of the state employee's name "and then serve an amended notice of claim with the state employee's name within 120 days." *Id.* (quoting *Modica*, 536 N.W.2d at 473-74). Then, the court found that since the evidence of record showed that plaintiff never had served an amended notice of claim, even after amending his federal complaint, he did not satisfy the statute. *Id.*

The Court of Appeals affirmed this ruling in an unpublished decision. *Robbins v. Pollard*, 734 F. App'x 366, 369 (7th Cir. 2018) (mem). The court agreed that the prisoner failed to meet the requirements of the statute, citing to the Wisconsin Court of Appeals decision *Kellner v. Christian*, 188 Wis. 2d 525, 525 N.W.2d 286, 290 (Ct. App. 1990), in which the court noted that strict compliance is required even when it produces "harsh consequences." *Robbins*, 734 F. App'x at 369.

This is precisely where Sheppard's negligence claims from the October 2016 medication lapse end up, with the exception of Bloyer. Indeed, there is no indication that Sheppard (or his

7

counsel) ever attempted to amend his notice of claim, even after filing this lawsuit in which he specifically identified multiple correctional officers and HSU staff that were involved in the October 2016 lapse in his medications. Accordingly, I am granting defendants' motion for judgment in their favor on Sheppard's negligence claims against defendants Lee, Anderson, Kramer, Slaght, and Hanfeld.

**II. Eighth Amendment and Negligence Claims Against Kartman**

Defendants seek judgment in Kartman's favor on all claims against him. I agree with defendants with respect to the negligence claim. It is undisputed that Sheppard did not file a notice of claim naming Kartman after the February 2017 medication lapse, and so I will enter judgment on that claim against Kartman.

Sheppard's Eighth Amendment claims against Kartman will proceed to trial. As I noted at the screening phase, supervisors may be liable under § 1983 for failing to train their employees, *Kitzman-Kelley v. Warner,* 203 F.3d 454, 459 (7th Cir. 2000), when they are personally involved in the conduct and act with deliberate indifference toward it. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). That is, the supervisor must know that the training he provides is so inadequate that employees are likely to violate the constitution as a result. *Ghashiyah v. Frank,* No. 07-C-308. 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Mombourquette ex rel. Mombourquette v. Amundson,* 469 F. Supp. 2d 624, 651 (W.D. Wis. 2007)).

Defendants argue that judgment in Kartman's favor is appropriate for lack of personal involvement. Yet Sheppard's version of how his inmate complaint was resolved reasonably would support the opposite conclusion. Specifically, the CCE resolved WSPF-2016-22504 in

8

Sheppard's favor, with directions that Kartman was to receive a copy and then "review delivery expectations with his staff." (Dkt. 1-1, at 2.) Defendants argue that because Kartman was deposed only about his training of WSPF, he is entitled to judgment on this claim. But Kartman did testify about the October 2016 incident: he stated that he could not remember the details. This does not establish as a matter of law that Kartman was not personally involved in addressing the results of WSPF-2016-22504. On this record, Kartman's involvement or lack thereof is a jury question.

Defendants contend that an Eighth Amendment failure-to-train claim is not cognizable. This is not the law. True, failure-to-train claims typically proceed under an official-capacity or municipal-liability theory. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (flawed policies or training amounts to deliberate indifference only if "the need for more or difference [policies or] training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need"). However, supervisors like Kartman's may be held liable for subordinates' conduct when they are found to be personally involved in the misconduct by "facilitat[ing] it, condon[ing] it, or turn[ing] a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Kartman was directed to remind his staff about the medication distribution policies to prevent a recurrence; he doesn't remember if he did or not; thereafter, the same medication lapse recurred for similar reasons. This evidence would allow a jury reasonably to infer that Kartman failed to correct the correctional officers' apparent deliberate indifference to Sheppard's medication regimen. Accordingly, this is a cognizable claim supported by adequate evidence in the non-movant's favor to survive summary judgment.

ORDER

IT IS ORDERED that:

1) Defendants' motion for partial summary judgment (dkt. 20) is GRANTED IN PART and DENIED IN PART. Judgment in defendants' favor is GRANTED as to Sheppard's negligence claims against defendants Lee, Anderson, Kramer, Slaght, Hanfeld, and Kartman.

2) This matter will proceed to trial on the following claims:

   a) Sheppard's Eighth Amendment deliberate indifference claims against defendants Lee, Anderson, Kramer, Slaght, Hanfeld, and Bloyer, arising from the October 2016 and February 2017 incidents.

   b) Sheppard's Wisconsin negligence claim against defendant Bloyer arising from the October 2016 incident.

   c) Sheppard's Eighth Amendment failure-to-train claim against defendant Kartman.

Entered this 22nd day of April, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge